IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ARTURO VILLEGAS-RUBI, an individual, | No. 3:17-cv-01531-HZ |
| Plaintiff, | |
| v. | |
| DYNAMIC CHANGE, INC., a Washington corporation; DYNAMIC CHANGE CONSTRUCTION, an Oregon business corporation, and TREVOR LESKE, an individual, | OPINION & ORDER |
| Defendants. | |

HERNANDEZ, District Judge:

Plaintiff Arturo Villegas-Rubi brings this wage-related action against Defendants Dynamic Change, Inc., Dynamic Change Construction, and Trevor Leske, who allegedly owns and operates the two corporate Defendants. Compl. ¶¶ 7-9. Plaintiff moves for an Order of Default pursuant to Federal Rule of Civil Procedure 55(a). I grant the motion in part and deny the motion in part.

1 - OPINION & ORDER

Rule 55(a) requires the entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Plaintiff supports the motion with the Declaration of Kate Suisman, Plaintiff's counsel. ECF 7-1. Suisman states that a process server served the summons, complaint, and civil case assignment order as follows: (1) on Defendant Dynamic Change, Inc., the Washington corporation, by "leaving a copy at the address listed on the Washington State Secretary of States's website with someone of suitable age who resides there on November 28, 2017"; (2) on Defendant Dynamic Change Construction, the Oregon corporation, by leaving a copy at the home address of the registrant listed on the Oregon Secretary of State's [website] with someone of suitable age who resides there on November 28, 2017"; and (3) on Leske at his home address by leaving a copy with someone of suitable age who resides there on November 28, 2017." Suisman Jan. 24, 2018 Decl. ¶¶ 4, 5, 6. Plaintiff also relies on the Affidavits of Service attesting to the date and manner in which each of the three Defendants received service of process. ECF 4, 5, 6.

I. Service on Individual Defendant Leske

As to individual Defendant Leske, service comported with the required rules. Federal Rule of Civil Procedure 4(e) governs service of an individual within any judicial district of the United States. Fed. R. Civ. P. 4(e). The rule allows service to be accomplished by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2)(B); *see also* Suisman Jan. 24, 2018 Decl. ¶ 5 (citing Rule 4(e)(2)(B) as support for manner of service on Leske). According to the November 29, 2017 Affidavit of Steven Jensen, Jensen served Leske

by leaving the summons, complaint, and civil case assignment order with Judy Bealer who "is a member of the same household, and over the age of 14 years" at 1316 SE Single Tree Drive in Vancouver, Washington. Jensen Nov. 29, 2017 Affid., ECF 6. Suisman states that service upon Leske was made at his home address. Suisman Jan. 24, 2018 ¶ 5. Thus, service upon Leske was proper under Rule 4(e)(2)(B).

II. Service on the Corporate Defendants

Corporations, either domestic or foreign, must be served, if in a judicial district of the United States, in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and complaint to (1) an officer; (2) a managing or general agent; or (3) any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute and the statute requires, by also mailing a copy to the defendant. Fed. R. Civ. P. 4(h)(1).

Both corporations were served by Jensen on November 28, 2017, by "leaving documents with Judy Bealer at the office of Trevor Leske, who is the Owner thereof[.]" Jensen Nov. 29, 2017 Affids., ECF 4, 5. The address of service is 1316 SE Single Tree Drive in Vancouver, Washington. *Id.* As noted above, the record shows that Bealer is "a member of the same household," presumably meaning a member of the same household as Leske. *Id.*, ECF 6. It also shows that Bealer was "of the office" of Leske. *Id.*, ECF 4, 5. The record does not establish that she is an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Accordingly, Plaintiff does not establish service consistent with Rule 4(h)(1)(B).

Plaintiff cites to Rules 4(e)(2)(B) and (C) for support that service was valid. Suisman

Jan. 24, 2018 Decl. ¶ 3 (citing Rule 4(e)(2)(B) for service on Dynamic Change, Inc.); ¶ 4 (citing to Rule 4(e)(2)(C) for service on Dynamic Change Construction). But, Rule 4(h), governing service on corporations, does not allow for service on corporations under Rule 4(e)(2). Rule 4(h) expressly directs that service may be accomplished "in the manner prescribed by *Rule 4(e)(1)* for serving an individual[.]" Fed. R. Civ. P. 4(h)(1)(A) (emphasis added). Service under Rule 4(e)(2) is not valid.[1]

Under Rule 4(e)(1), service may be made consistent with Rule 4(h)(1)(A), following state law for the state where the district is located or where service is made. Fed. R. Civ. P. 4(e)(1). Because this Court is in Oregon and service was made in Washington, I looked at the governing rules for both states, even though Plaintiff did not cite to them.

Under Oregon law, service on a corporation is governed by Oregon Rule of Civil Procedure 7D(3)(b). The primary method is personal or office service upon (1) a registered agent; (2) an officer; or (3) a director of the corporation. Or. R. Civ. P. 7D(3)(b)(i). Nothing in the record establishes that Bealer is the registered agent, officer, or director of either corporation.

Service under this rule may also be accomplished by personal service "upon any clerk on duty in the office of a registered agent." *Id.* Nothing in the record establishes that Bealer is a "clerk." As for whether the address at which she was served is the office of a registered agent, the Oregon Secretary of State's website shows that the "authorized representative" for Dynamic Change Construction, the Oregon corporation, is Dynamic Change, Inc., the Washington

---

[1] Moreover, even if it were, Rule 4(e)(2)(C) requires service to be made on an agent authorized by appointment or by law to receive service and the record fails to show that Bealer is such an individual. Additionally, Rule 4(e)(2)(B) allows leaving a copy of the summons and complaint at "the individual's dwelling . . . " but does not specify who the individual is and is thus not directly applicable to service on a corporation.

4 - OPINION & ORDER

corporation. The address given for Dynamic Change, Inc. is 18414 SE 15th Street, in Vancouver, Washington. The "registrant" listed for Dynamic Change Construction is Leske, with the 18414 SE 15th Street address. The address of service by Jensen is 1316 SE Single Tree Drive in Vancouver, Washington. Given that service was not made at the address listed on the Oregon Secretary of State's website, the record does not establish that the Single Tree Drive address where service was made is the office of a registered agent of Dynamic Change Construction. Thus, Jensen's service upon Dynamic Change Construction in the manner described in his Affidavit does not comport with Oregon rules.

As for Dynamic Change, Inc., the Washington Secretary of State's Office lists Leske as the registered agent and his address as 1316 SE Single Tree Drive in Vancouver. Thus, if Bealer is a "clerk" under Oregon Rule 7D(3)(b)(i), personal service upon her at that address is effective service under that Oregon rule which allows service by personally serving a clerk at the office of the corporation's registered agent. However, the record contains insufficient information to determine if service upon Bealer was effective.

Under Washington Rules of Civil Procedure, service on a corporation (other than those of a type specifically delineated and which do not appear to apply here), must be made by personal service "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." Wash. Rev. Code § 4.28.080(9). Again, the record does not establish who Bealer is or what relationship she has to either corporation. Thus, under Washington rules, service does not appear to have been proper.

5 - OPINION & ORDER

Under Oregon or Washington law, neither corporation appears to have been properly served. Accordingly, proper service has not been established under Rule 4(e)(1) which means that proper service has not been established under Rule 4(h)(1). Plaintiff may renew the motion if he has supplemental information which will establish that service was proper. At this time, however, the motion must be denied as to the corporate defendants.

CONCLUSION

Plaintiff's Rule 55(a) motion for order of default [7] is granted as to Defendant Leske, and is otherwise denied.

IT IS SO ORDERED.

Dated this 5 day of Feb, 2018

/s/ Marco Hernandez
Marco A. Hernandez
United States District Judge