IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTURO VILLEGAS-RUBI, an individual,

        Plaintiff,

        v.

DYNAMIC CHANGE, INC., a Washington business corporation and TREVOR LESKE, an individual,

        Defendants.

No. 3:17-cv-01531-HZ

OPINION & ORDER

HERNANDEZ, District Judge:

        Plaintiff Arturo Villegas-Rubi brings this wage-related action against Defendants Dynamic Change, Inc. and Trevor Leske, who allegedly owns and operates the corporate Defendant. Am. Compl. ¶¶ 8. Plaintiff moves for an Order of Default pursuant to Federal Rule of Civil Procedure 55(a) as to Dynamic Change, Inc. I deny the motion.

        Rule 55(a) requires the entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Although Rule 55(a) uses mandatory language, the Court's responsibility to enter a default order does not arise unless the party against whom the default order is sought has been properly served with process. *See* Beverly O'Connell, Karen Stevenson, & Virginia Phillips, *Fed. Civil Proc. Before Trial* ¶ 6:36, 6-8 (The Rutter Group 2018) ("Ordinarily, entry of default is not automatic. Plaintiff must present proof to the court clerk (by affidavit or declaration) that the defendant is 'in default' - i.e., that defendant has been served with summons and complaint . . . and has failed to respond within the time permitted by the Federal Rules"); *Cascade Pension Tr. v. Bates Indus., Inc.*, No. 6:16-cv-01068-AA, 2017 WL 1172104, at *1 (D. Or. Mar. 28, 2017) (granting Rule 55(a) motion for entry of default after determining that service was proper and the defendant never appeared).

Plaintiff supports the motion with the Declaration of Kate Suisman, Plaintiff's counsel. ECF 13. Suisman states that she attempted to serve Dynamic Change, Inc. by mail and via a process server but was unable to complete service. Suisman Apr. 16, 2018 Decl. ¶ 3. The rest of her Declaration recites her attempt at service by mail but provides no further description of any attempt to serve the Amended Complaint on Dynamic Change, Inc. by process server.[1]

Suisman states that on March 8, 2018, she attempted to serve Dynamic Change, Inc. by serving the Oregon Secretary of State in the manner described in Oregon Revised Statute § (O.R.S.) 60.121. *Id.* ¶ 4. Proof of service on the Secretary of State is attached to her Declaration.

---

[1] Plaintiff's previous attempt to serve Dynamic Change, Inc. with the original Complaint was described in an earlier declaration by counsel offered in support of a prior motion for default against multiple Defendants. ECF 7 (Motion), ECF 7-1 (Suisman Jan. 24, 2018 Decl). Service of the original Complaint as to this Defendant was defective, however. Feb. 8, 2018 Op. & Ord., ECF 8. Since then, an Amended Complaint has been filed and the current motion is addressed to the Amended Complaint.

Suisman Apr. 16, 2018 Decl., Ex. 1, ECF 13-1.  Suisman also attaches further evidence of her compliance with service requirements in the form of certified mail sent to Dynamic Change, Inc.'s registered agent's address and to the mailing address of Dynamic Change, Inc., also on March 8, 2018.  *Id.*, Ex. 2, ECF 13-2.  The certified mail to the registered agent's address was returned as "unclaimed."  *Id.*  The certified mail to the mailing address of the company was returned as "refused."  *Id.; see also* Suisman Decl. ¶¶ 5-7 (explaining requirements of O.R.S. 60.121, the sending of the summons and complaint to the registered agent and company mailing address, and the return of the certified mail).  Without more, Suisman then asserts that Dynamic Change has failed to plead and otherwise defend within the time prescribed by the Federal Rules of Civil Procedure.  *Id.* ¶ 8.

Corporations, either domestic or foreign, must be served, if in a judicial district of the United States, in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and complaint to (1) an officer; (2) a managing or general agent; or (3) any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute and the statute requires, by also mailing a copy to the defendant. Fed. R. Civ. P. 4(h)(1).  Because Plaintiff did not deliver a copy of the summons and complaint to an officer of Dynamic Change, Inc., a managing or general agent of Dynamic Change, Inc., or any other agent of Dynamic Change, Inc. authorized to receive service of process, Plaintiff did not perfect service under Rule 4(h)(1)(B).

Under Rule 4(e)(1), service may be made consistent with Rule 4(h)(1)(A) by following state law for the state where the district is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  Because this Court is in Oregon and Plaintiff attempted service in Oregon, I look at the

3 - OPINION & ORDER

Oregon Rules of Civil Procedure.[2] Under Oregon law, service on a corporation is governed by Oregon Rule of Civil Procedure 7D(3)(b). The primary method is personal or office service upon (1) a registered agent of the corporation; (2) an officer of the corporation; or (3) a director of the corporation. Or. R. Civ. P. 7D(3)(b)(i). The primary method also includes personal service upon any clerk on duty in the office of a registered agent. *Id.* Personal service requires the delivery of a true copy of the summons and a true copy of the complaint to the person to be served. Or. R. Civ. P. 7D(2)(a). If the person to be served maintains an office for the conduct of business, office service may be made by leaving true copies of the summons and complaint at that office during normal working hours with the person who is apparently in charge. Or. R. Civ. P. 7D(2)(c). Additionally, with office service, the plaintiff is required to mail by first class mail, as soon as reasonably possible, true copies of the summons and complaint to the defendant at one of several places as specified in the rule. *Id.* Suisman's Declaration shows no attempted personal or office service upon a registered agent, officer, or director of Dynamic Change, Inc. It also shows no attempted personal service upon any clerk on duty in the office of a registered agent. *Id.* Thus, no service of Dynamic Change, Inc. was attempted under Oregon rules for primary service upon a corporation.

Oregon rules for service on corporations include four alternatives to the primary service method. Or. R. Civ. P. 7D(3)(b)(ii). One of those alternatives allows service "upon the Secretary

---

[2] The follow-up certified mailings were to addresses in Oregon and Washington. Because Plaintiff himself states that he attempted service by serving the Oregon Secretary of State, and because the certified mailings to the registered agent in Oregon and the company's mailing address in Washington were required pursuant to an Oregon statute, I do not consider the certified mailing to the Washington address to show attempted service in Washington. Therefore, I do not consider service under Washington law.

4 - OPINION & ORDER

of State in the manner provided in ORS 60.121 or 60.731." Or. R. Civ. P. 7D(3)(b)(ii)(D). Suisman's Declaration establishes that Plaintiff's attempted service on Dynamic Change, Inc. was pursuant to this alternative service method. Suisman Apr. 16, 2018 Decl. ¶ 4 ("On March 8, 2018, I attempted to serve Defendant Dynamic Change Inc. by serving the Oregon Secretary of State in the manner described in ORS 60.121: Service on a Corporation.").

The alternative methods are available only "[i]f a registered agent, officer, or director cannot be found in the county where the action is filed[.]" Or. R. Civ. P. 7D(3)(b)(ii). The plain language of the rule establishes that the lack of a registered agent, officer, or director in the county where the action is filed is a prerequisite to invoking any of the court alternative methods allowed by Rule 7D(3)(b)(ii). *See Rosado v. Roman*, No. 3:16-cv-00784-SI, 2017 WL 3473177, at *1 (D. Or. Aug. 11, 2017) ("As applied to district courts in Oregon, to invoke any of the alternative methods, a plaintiff must first show that a registered agent, officer, or director could not be found within the county the court is located in.").

This Court is located in Multnomah County. The Oregon Secretary of State's website lists Leske as the registered agent of Dynamic Change, Inc., with an address of 10424 SE Cherry Blossom Drive, Suite M, Portland, Oregon 97216.[3] This address is located in Multnomah County.[4] Because the office of Dynamic Change's registered agent is located in Multnomah County, Plaintiff was required to serve Dynamic Change, Inc. under one of the primary service

---

[3] *See* http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.login (Dynamic Change, Inc.'s Registry Number is 1005156-91).

[4] https://oregon.hometownlocator.com/maps/

5 - OPINION & ORDER

methods set forth in Rule 7D(3)(b)(i).[5] As stated above, Plaintiff failed to properly effect service under the primary service methods.

Oregon Rules of Civil Procedure include a "catch-all" provision found in Rule 7D(1). *Gudmundson v. Horowitz*, No. 03-1038-KI, 2005 WL 599999, at *4 (D. Or. Mar. 9, 2005) (referring to 7D(1) as a "'catch-all' rule"). The rule provides that service is to occur "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7D(1). When the method of service does not comply with one of the methods "'specifically permitted for use upon the particular defendant by ORCP 7(D)(3), and accomplished in accordance with ORCP 7D(2)[,]'" which creates a presumption of adequate service, then "the court must determine whether service of summons complied with the reasonable notice standard set forth in ORCP 7D(1)." *Johnston v. ADT LLC*, No. 3:15-cv-01396-SI, 2015 WL 7722415, at *4 (D. Or. Nov. 30, 2015) (quoting *Baker v. Foy*, 310 Or. 221, 228, 797 P.2d 349, 354 (1990)). The assessment looks at the "totality of the circumstances":

> "ORCP 7D(1) focuses not on the defendant's subjective notice but, instead, on whether the plaintiff's conduct was objectively, reasonably calculated to achieve the necessary end. That is, regardless of whether the defendant ever actually received notice, were the plaintiff[']s efforts to effect service reasonably calculated, under the totality of the circumstances then known to the plaintiff, to apprise the defendant of the pendency of the action."

*Capsugel Belgium NV v. Bright Pharma Caps., Inc.*, No. 3:15-cv-00321-PK, 2015 WL 7185463,

---

[5] Plaintiff provides no argument that the phrase "cannot be found in the county where the action is filed" includes situations where a defendant is intentionally evading service of process. I found no cases addressing the issue and Plaintiff fails to provide any law on this issue. Without law or argument, I rely on the plain language of the Rule which suggests that "cannot be found" means has no address or presence in the county where the action is filed.

at *4 (D. Or. Nov. 13, 2015) (quoting *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 339, 45 P.3d 983, 986-87 (2002)). The court focuses on what the plaintiff and his or her process server knew at the time of the purported service. *Johnston*, 2015 WL 7722415, at *5. "[C]ourts must also consider a plaintiff[']s efforts to ensure service was proper both before and after the attempted service." *Capsugel Belgium*, 2015 WL 71854653, at *4; *see also id.* (noting that the Oregon Court of Appeals has stated that "the reasonable notice standard is satisfied where notice is effectuated at the place where the defendant represents an intent to receive notices of important information") (citing *Gallogly v. Calhoun*, 126 Or. App. 366, 369, 869 P.2d 346, 348-49 (1994)).

In this case, Plaintiff makes no argument in support of reasonable notice under Rule 7D(1). The only attempted service on the Oregon registered agent was the follow-up certified mail to the Oregon registered agent's address at 10424 SE Cherry Blossom Drive as part of service on the Secretary of State under O.R.S. 60.121 as allowed by Rule 7D(3)(b)(ii)(D). There was no attempt at personal service on the registered agent. There was no attempt to serve via regular first-class mail. The certified mail to both the registered agent's office and to the mailing address of the corporation, which is Leske's home address as well, were returned as unclaimed or refused, indicating that the intended recipient did not actually receive the summons and the amended complaint.

Handwritten dates on the envelope sent certified mail to the registered agent's address, show "3-12-18," "3-17," and "3-27," which presumably are dates of attempted delivery. Suisman Apr. 16, 2018 Decl., Ex. 2. From this, one could conclude that Dynamic Change, Inc. does not regularly staff its registered agent's office. Nonetheless, that does not excuse the failure to even

7 - OPINION & ORDER

attempt personal or office service upon someone at that address.

The return of the certified mail as unclaimed or refused could suggest that Dynamic Change, Inc. is evading service. However, without more detailed support from Plaintiff establishing his due diligence in attempting to properly serve Dynamic Change, Inc. according to the rules, and a more detailed factual and legal explanation of why the totality of circumstances show that service under the catch-all provision of Rule 7D(1) is satisfied, Plaintiff fails to show that service under any Oregon rule is proper. As a result, he fails to show proper service under federal Rule 4(h)(1)(A). Accordingly, the Court is not obligated to enter default against Dynamic Change, Inc.

## CONCLUSION

Plaintiff's Rule 55(a) motion for order of default [12] as to Dynamic Change, Inc., is denied.

IT IS SO ORDERED.

Dated this 6 day of June, 2018

/s/ Marco Hernandez
Marco A. Hernandez
United States District Judge

8 - OPINION & ORDER