IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ARTURO VILLEGAS-RUBI, an individual, | No. 3:17-cv-01531-HZ |
| Plaintiff, | |
| v. | |
| DYNAMIC CHANGE, INC., a Washington business corporation and TREVOR LESKE, an individual, | OPINION & ORDER |
| Defendants. | |

HERNANDEZ, District Judge:

Plaintiff Arturo Villegas-Rubi brings this wage-related action against Defendants Dynamic Change, Inc. and Trevor Leske, who allegedly owns and operates Dynamic Change, Inc. Am. Comp. ¶ 8. ECF 9. In a February 5, 2018 Opinion & Order, I granted Plaintiff's motion for an order of default against Leske, but I denied the motion as to Dynamic Change, Inc. for failure to show adequate service of process. Feb. 5, 2018 Op. at 1. ECF 8. In a June 6, 2018 Opinion & Order, I denied Plaintiff's second Motion for an Order of Default as to Dynamic

1 – OPINION & ORDER

Change, Inc. again because Plaintiff failed to show adequate service of process. June 6, 2018 Op. at 1. ECF 14. Plaintiff once again moves for a default order pursuant to Federal Rule of Civil Procedure (FRCP) 55(a) as to Dynamic Change, Inc. Because the motion was initially filed with inadequate support, I ordered Plaintiff to file a Memorandum of Law in support of the motion. Having now considered the entire record, I grant the motion for an order of default as to Dynamic Change, Inc.

FRCP 55(a) requires the entry of default when "a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Plaintiff asserts that Dynamic Change, Inc. has been properly served and an entry of default is proper because Dynamic Change, Inc. has failed to appear or defend. Plaintiff contends that Dynamic Change, Inc. is evading service and ignoring the legal process despite being made aware of the pending lawsuit. Plaintiff supports the motion with his own declaration, a declaration of his counsel, Kate Suisman, and an affidavit of a process server.

## STANDARDS

Corporations must be served, if in a judicial district of the United States, in the manner prescribed by FRCP 4(e)(1) for serving an individual, or by delivering a copy of the summons and complaint to (1) an officer; (2) a managing or general agent; or (3) any other agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute and the statute requires, by also mailing a copy to the defendant. Fed. R. Civ. P. 4(h)(1)(A) & (B). Under FRCP 4(e)(1), an individual may be served by following state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). A case must be dismissed if Defendant has not been served within

ninety days of the action being filed. Fed. R. Civ. P. 4(m). However, an exception arises if the plaintiff can show "good cause" for failing to perfect service within the time limit. *Id*.

DISCUSSION

Plaintiff concedes that he did not perfect service upon an officer of Dynamic Change, Inc., or any other agent of Dynamic Change, Inc. authorized to receive service of process under FRCP 4(h)(1)(B). Pl.'s Sept. 7, 2018 Mem. of Law ¶ 6. ECF 17. Because Plaintiff was unable to perfect service under FRCP 4(h)(1)(B), I look to whether service of process was perfected under FRCP 4(h)(1)(A) in the manner prescribed by FRCP 4(e)(1). Because this Court is in Oregon and Plaintiff attempted service in both Oregon and Washington, I look at both the Oregon Rules of Civil Procedure (ORCP) and the Revised Code of Washington (RCW).

## I. Oregon Rules of Civil Procedure

ORCP 7D(3)(D) governs service of process upon a corporation. Generally, service of process must comply with the primary service method or one of the four permissible alternatives. *Id*. If the method of service does not comply with one of these requirements, the Court may turn to ORCP 7D(1), the "catch-all" provision, to determine whether service has nonetheless been perfected. Or. R. Civ. P. 7D(1).

### A. Primary Service Method

In Oregon, the primary method of service on a corporation is personal or office service upon a registered agent, an officer, or a director of the corporation, or personal service upon any clerk on duty in the office of a registered agent. Or. R. Civ. P. 7D(3)(b)(i). For personal service to be completed, true copies of the summons and complaint must be delivered to the person to be served. Or. R. Civ. P. 7D(2)(a). Plaintiff concedes that he has not perfected personal service

upon a registered agent, officer, or director of Dynamic Change, Inc. or upon a clerk on duty in the office of a registered agent.

Office service requires that, if the person to be served maintains an office for the conduct of business, service may be made by leaving true copies of the summons and complaint at the office during normal business hours with the person who is apparently in charge. Or. R. Civ. P. 7D(2)(c). Further, to complete office service, the plaintiff must send true copies of each to the defendant by certified mail to the "dwelling house or usual place of abode or defendant's place of business or any other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action." *Id*.

The record suggests that Dynamic Change, Inc. has maintained, or represented that it has maintained, several office locations. Various addresses appear in the record. First, 18414 SE 15th Street, Vancouver, Washington 98683 ("the 15th Street address") is listed as the address for Dynamic Change, Inc. on the Oregon Secretary of State website. Suisman Mar. 7, 2018 Decl. in Supp. of Mot. to Extend ¶ 3. ECF 10-1. Plaintiff also found this address listed for Dynamic Change, Inc. on angieslist.com on September 4, 2018. Suisman Sept. 7, 2018 Decl. ¶ 8. ECF 17-1. Delivery was attempted at the 15th Street address in November of 2017 by a process server but the individuals at the address had not heard of any of the people or companies involved in this case. *Id.* at ¶ 12. Because the 15th Street address was not the office of Dynamic Change Inc., office service could not be completed at this address.

Second, 1316 Single Tree Drive in Vancouver, Washington ("the Single Tree address") is the address listed on the Washington Secretary of State's website for Dynamic Change, Inc.'s registered agent. Suisman Mar. 7, 2018 Decl. in Supp. of Mot. To Extend ¶ 3. The service provider attempted service at this address on November 28, 2017 by leaving the documents with

4 – OPINION & ORDER

Judy Bealer, Leske's mother-in-law. Aff. of Process Server, Ex. 3. ECF 17-3. Plaintiff declares that this address is not only the home of Leske but is also the office of Dynamic Change, Inc. Villegas-Rubi Sept. 7, 2018 Decl. ¶ 5. ECF 17-2. He declares that Bealer worked for Dynamic Change, Inc. from the Single Tree address on more than one occasion. *Id*. at ¶ 6-8. However, there is no evidence in the record that Bealer was an "on duty clerk" in the office of a registered agent. Further, Plaintiff does not contend, and has not demonstrated, that the attempts to serve Dynamic Change, Inc. at the Single Tree address satisfy office service under ORCP 7D(2)(c).

Third, 10242 SE Cherry Blossom Drive, Suite M, Portland, Oregon 97216 ("the Cherry Blossom address") is listed on the Oregon Secretary of State's website as the address of the registered agent of Dynamic Change, Inc. Suisman July 24, 2018 Decl. ¶ 6. ECF 15. It is also listed as the company's address on Defendant's Facebook page and whitepages.com. Suisman Sept. 7, 2018 Decl. ¶ 4. On March 8, 2018, copies of the documents were sent by certified mail to this address but were returned as "unclaimed." *Id.* at ¶ 1; *see also* Suisman Apr. 16, 2018 Decl. . ¶¶ 6, 7; *id.*, Ex. 2. ECF 13-2. A process server attempted delivery on June 20, 2018, but found that the Dynamic Change, Inc. was no longer located at this address. Jensen June 21, 2018 Aff. of Process Server. ECF 15. As is shown in the record, both of Plaintiff's attempts to serve Dynamic Change, Inc. at the Cherry Blossom address were unsuccessful. For the reasons listed above, Plaintiff did not perfect office service under ORCP 7D(2)(c) at any of the known addresses of Dynamic Change, Inc.

**b. Alternative Service Methods**

If a registered agent cannot be found in the county where the action is filed, there are four alternatives to the primary service method for service upon a corporation. Or. R. Civ. P. 7D(3)(b)(ii). *See Rosado v. Roman*, No. 3:16-cv-00784-SI, 2017 WL 3473177, at *1 (D. Or.

Aug. 11, 2017) ("As applied to district courts in Oregon, to invoke any of the alternative methods, a plaintiff must first show that a registered agent, officer, or director could not be found within the county the court is located in.").

In the June 6, 2018 Opinion, I rejected Plaintiff's attempt to establish service under ORCP 7D(3)(b)(ii)(D), service upon the Secretary of State, because the record before me at that time indicated that a registered agent was located in Multnomah County, Oregon, specifically at the Cherry Blossom address. Because it appeared that a registered agent was in Multnomah County, none of the alternative methods were available to Plaintiff. Now, however, Plaintiff has further developed the record regarding the Cherry Blossom address. Plaintiff provides an affidavit from a hired process server showing that Dynamic Change, Inc. is no longer located at the Cherry Blossom address. Jensen June 21, 2018 Aff. of Process Server. Likewise, attempts to mail service documents were returned as unclaimed, further demonstrating that the Cherry Tree address is not a valid address to reach Dynamic Change, Inc. Suisman Sept. 7, 2018 Decl. ¶ 12. Because it is reasonable to conclude based on this evidence that Dynamic Change, Inc. does not in fact maintain an office in Multnomah County, Plaintiff may rely on alternative service methods in ORCP 7D(3)(b)(ii).

On March 8, 2018, Plaintiff served Dynamic Change, Inc. pursuant to ORCP 7D(3)(b)(ii)(D) in the manner described in ORS 60.121 for Service on a Corporation by serving the Oregon Secretary of State. Plaintiff sent a copy of the summons and complaint by certified mail to complete service under ORS 60.121. Suisman Apr. 16, 2018 Decl., Ex. 1. ECF 13-1. In March of 2018, Plaintiff mailed copies to the Cherry Blossom address because it is the last known address of Dynamic Change, Inc. in Oregon. Plaintiff also sent copies to the Single Tree address believing that it is the address most likely to result in actual notice. *Id*. The record shows

that both were returned as "unclaimed" and "refused," respectively. *Id*. Although the certified mail was not actually delivered, I agree that the Single Tree address was the address most likely to result in actual notice. Because Plaintiff provides evidence he properly served the Oregon Secretary of State, service of process has been perfected under ORCP 7D(3)(b)(ii)(D). In addition, Plaintiff submits in his Memorandum of Law that he again attempted service by first class certified mail to both addresses on September 5, 2018.[1] This is sufficient to demonstrate service under ORCP 7D(3)(b)(ii)(C).

### c. Catch-All Provision

Even if service was not otherwise perfected, Plaintiff satisfied requirements under ORCP 7D(1). When service does not comply with one of the methods specifically permitted by ORCP 7D(3), the court must look to whether service nonetheless complies with the reasonable notice standard set forth in ORCP 7D(1). *Johnston v. ADT LLC*, No. 3:15-cv-01396-SI, 2015 WL 7722415, at *4 (D. Or. Nov. 30, 2015) ("If service did not comply with one of [the] presumptively adequate methods, then the court must determine whether service of summons complied with the reasonable notice standard set forth in ORCP 7D(1)."). This "catch-all"[2] provision provides that service may be perfected "in any manner reasonably calculated, under all the circumstances, to apprise defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7D(1). The focus of this provision is on the totality of the circumstances and whether the defendant was apprised of the pendency of

---

[1] Plaintiff failed to provide evidence of the September 5th, 2018 mailings through affidavit, declaration, or actual copies of the mailing receipts. However, given that all other attempts of service have been properly supported by admissible evidence, I assume that Plaintiff possesses such evidence and could present it if called on to do so. *See* FRCP 55(a) ("When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by *affidavit or otherwise*, the clerk must enter the party's default."); *see also* 10A Charles Alan Wright, et al., *Federal Practice & Procedure § 2682* (3d ed. 2007) ("[The] elements of a default must be shown by means of an affidavit or by other competent proof.").

[2] *See Gudmundson v. Horowitz*, No. 03-1038-KI, 2005 WL 599999, at *4 (D. Or. Mar. 9, 2005) (referring to 7D(1) as a "'Catch-all' rule").

7 – OPINION & ORDER

the action. *Capsugel Belgium NV v. Bright Pharma Caps., Inc.*, No. 3:15-cv-00321-PK, 2015 WL 7185463, at *4 (D. Or. Nov. 13, 2015). The relevant considerations are the plaintiff's efforts to serve and apprise the defendant, the knowledge of the plaintiff and process server at the time of attempted service, and the plaintiff's efforts to ensure that service was proper both *before* and *after* the attempted service. *Id*.

Here, Plaintiff attempted to serve Dynamic Change, Inc. by service upon Bealer on November 28, 2017. *See* Jensen June 21, 2018 Aff. of Process Server. Plaintiff claims that Bealer performs work-related tasks for Dynamic Change, Inc. at the Single Tree address where she was served with process. Villegas-Rubi Sept. 7, 2018 Decl. ¶ 5. As noted above, Plaintiff believes the Single Tree address is the address most likely to result in actual notice to Dynamic Change, Inc. and that service upon Bealer at that address accomplishes service under the "catch-all" provision. Plaintiff submits that this service is reasonably calculated, under all the circumstances, to apprise Dynamic Change, Inc. of the suit and give an opportunity to appear and defend. Plaintiff further asserts that the earlier personal service on the individual Defendant in this case, Leske, supports application of this provision because Leske is the president and registered agent of Dynamic Change, Inc. and has received notice that the company is also a named party in this suit. Finally, Plaintiff believes his second attempts to serve via certified mail at the Cherry Blossom and Single Tree addresses on September 5, 2018 show further efforts to ensure process was properly served after the previously attempted services.

Under all circumstances, I believe that at this point Plaintiff has demonstrated due diligence in attempting to apprise Dynamic Change, Inc. of the pendency of this action. First, Plaintiff attempted personal service on the registered agent, Leske, and the "on duty clerk" at his office by sending a process server to Leske's home and presumed office. Plaintiff was unable to

find and personally serve Leske. Further, Leske does not appear to staff an office during regular business hours whereby service may be made. Second, Plaintiff attempted service at the places he believed would result in actual service based on his personal knowledge of the company and those involved in it. Third, Plaintiff's attorney conducted a thorough online search to locate the company's registered agent and office. Suisman searched the voter databases of Oregon and Washington, searched property records in Oregon, and examined the top twenty results from a Google search for "Dynamic Change, Inc. Oregon" which included Facebook, the White Pages, the Yellow Pages, and Angie's List. Suisman Sept. 7 2018 Decl. ¶ 2. Fourth, Plaintiff has attempted service of process twice through certified mail to the two different known addresses that were reasonably calculated to result in service based on the information he was able to find in his research. Further, while service upon Bealer may not have been sufficient service under Oregon law, it is evidence that Leske is likely aware of the suit through his mother-in-law who received service at his home. Finally, Plaintiff has established that he made efforts to ensure that service was proper before and after service was attempted by conducting thorough research and attempting several methods of service including by certified mail as noted above. Because Plaintiff has demonstrated due diligence to serve Defendant, Plaintiff satisfies the catch-all provision of Rule 7D(1).

**II. Washington Rules of Civil Procedure**

Washington State law provides that a corporation may be served by personal service upon "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." Wash. Rev. Code § 4.28.080(9). Washington law interprets the statute strictly

as to who can accept service on behalf of a corporation. *See* 1987 Final Legislative Report, HB 1199, Wash. Leg., at 173 ("[p]ersonal service must be made *on the person designated by statute*" (emphasis added)). For example, the Washington Court of Appeals has held that a bookkeeper is not one of the individuals authorized to accept service under the statute. *Crystal, China & Gold, Ltd. v. Factoria Center Invs., Inc.*, 93 Wash.App. 606, 969 P.2d 1093. (1999). Further, the Court found no justification to permit service upon persons in "unnamed occupations." *Id.*

Plaintiff asserts that Bealer is the office assistant of Dynamic Change, Inc. because she occasionally performs business tasks for Dynamic Change, Inc. *See* Villega-Rubi Sept. 7 2018 Decl. ¶ 7. Plaintiff declares that Bealer gave him written directions to job sites and he turned in his hours to her at least once at the Single Tree address. *Id*. Plaintiff submits that the plain meaning of office assistant "would likely include a person who occasionally performs business tasks for the president, especially when no agent, secretary, stenographer, cashier or other designee is available." Pl.'s Sept. 7, 2018 Mem. of Law ¶ 8. Plaintiff does not provide case law to support this meaning of office assistant. Here, Bealer's functions, as declared by Plaintiff, appear most analogous to those described in *Crystal, China & Gold* as an "unnamed occupation." As such, Bealer is not permitted to accept service for Dynamic Change, Inc. under Washington law.

**III. Timeliness**

FRCP 4(m) provides a ninety-day time limit for service of process. If service is not perfected within ninety days after the complaint is filed, the court must dismiss the action without prejudice against the defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The court, however, must extend the time for service for an appropriate period if the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). I previously granted

Plaintiff an extension of time to March 17, 2018 in order to perfect service. Although Plaintiff did not expressly request additional time, Plaintiff has shown repeated efforts to locate and attempt service upon Defendant. I consider Plaintiff's repeated and continual efforts as demonstrating good cause for failure to complete service by March 17, 2018.

CONCLUSION

Plaintiff's Rule 55(a) motion for order of default [15] as to Dynamic Change, Inc. is granted.

IT IS SO ORDERED.

Dated this 26 day of Oct, 2018

Marco A. Hernandez
United States District Judge