IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARTURO VILLEGAS RUBI,                          No. 3:17-cv-01531-HZ

        Plaintiff,

   v.

DYNAMIC CHANGE INC., a                         OPINION & ORDER
Washington business corporation
and TREVOR LESKE, an
individual,

        Defendants.

Corinna Spencer-Scheurich
Kate Suisman
NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington St., Suite 225
Portland, OR 97205

D. Michael Dale
LAW OFFICES OF D. MICHAEL DALE
P.O. Box 1032
Cornelius, OR 97113

    Attorneys for Plaintiff

1- OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Arturo Villegas Rubi brings this wage-related action against Defendants Dynamic Change Inc. ("Dynamic Change") and Trevor Leske, an individual who allegedly owns Dynamic Change. Plaintiff brings claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, as well as Oregon's[1] wage and hour statutes. Plaintiff alleges that Defendants failed to pay Plaintiff the agreed-upon wage for all the work he performed for Defendants. Plaintiff also brings a common law breach of contract claim.

Plaintiff filed a motion for default judgment against both Defendants. The court grants the motion and awards a judgment of $13,191.94.

## PROCEDURAL BACKGROUND

Plaintiff filed this case on September 28, 2017 and Defendants failed to answer. On February 5, 2018, this Court entered an order of default as to Mr. Leske. Feb. 5, 2018 Op., ECF 8. On March 5, 2018, Plaintiff amended the Complaint by removing a second corporate defendant and making minor factual alterations. First Am. Compl., ECF 9. On October 26, 2018, this Court entered an order of default as to Dynamic Change. Oct. 26, 2018 Op., ECF 18.

Plaintiff's First Amended Complaint ("FAC") superseded the original complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012) (explaining that once a plaintiff files an amended complaint, the original pleading "no longer serves any function"). The FAC was properly served on Dynamic Change. *See* Oct. 26, 2018 Op. at 9. And, while it does not appear that Mr. Leske was served the FAC, "[n]o service is required on a party who is in default for failing to appear" so long as the pleading does not "assert[] a new claim for relief." Fed. R. Civ.

---

[1] Plaintiff's First Amended Complaint includes two claims brought pursuant to Washington law (Claims 5 and 6). *See* FAC 8. However, because Plaintiff does not move for a default judgment on these two claims, the Court does not address them. *See* Pl. Mot. Default Judgment 2, n.1, ECF 19.

P. 5(a)(2). The Court reviewed the original Complaint and the FAC and concludes that no additional claims for relief were asserted against Mr. Leske. Thus, this Court grants Plaintiff default judgment against both Defendants based on the FAC.

## STANDARDS

Upon entry of default, all well-pleaded factual allegations of the complaint are taken as true, except those allegations relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (same).

However, the district court's decision whether to enter a default judgment is a discretionary one. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). "[D]efault judgments are ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In exercising its discretion, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel,* 782 F.2d at 1471 (citing 6 Moore's Federal Practice ¶ 55- 05[2], at 55-24 to 55-26)).

## DISCUSSION

### I. Default Judgment

After a careful consideration of the *Eitel* factors, the Court exercises its discretion to enter a default judgment.

3- OPINION & ORDER

### A. Factor 1: Possibility of Prejudice to Plaintiff

Plaintiff would be prejudiced if the motion for default judgment is not granted because he has no other recourse to obtain damages on his claims other than through this action.

### B. Factors 2 and 3: Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

In his FAC, Plaintiff alleges that Defendants failed to pay him overtime and minimum wage. FAC ¶¶ 1, 2. He also alleges that Defendants failed to pay him for all the work he performed. *Id.* at ¶ 3.

Plaintiff worked for Defendants from approximately September of 2015 to August of 2016, doing demolition and other related construction work. FAC ¶ 9. Plaintiff also performed work on Mr. Leske's personal vehicles at Mr. Leske's home. *Id.* at ¶ 14.

On or about September 28, 2015, Defendant Leske offered and Plaintiff accepted a starting wage rate of $12.00 an hour to be paid every two weeks to perform work for Defendants. *Id.* at ¶ 15. Plaintiff timely performed the work requested by Defendants, but they did not pay the agreed-upon rate. *Id.* at ¶¶ 16, 17. Plaintiff did not receive regular pay checks but instead was paid intermittently, often less than the agreed-upon rate. *Id.* at ¶ 18. Some months, Plaintiff was not paid at all. *Id.* at ¶ 19.

Plaintiff was paid less than the federal and Oregon minimum wages for hours worked. *Id.* at ¶ 20. In addition, he was not compensated at a rate of time and one-half for every hour worked over 40 hours in a week. *Id.* at ¶ 23. Defendants knew that they did not pay overtime premiums to Plaintiff. *Id.* When Plaintiff's employment with Defendants terminated, on or about August 12, 2016, Defendants failed to pay his unpaid wages due. *Id.* at ¶¶ 27-28. To date, Defendants have failed to pay Plaintiff all wages earned. *Id.*

### 1. Claims 1 and 2—Minimum Wage and Overtime

Plaintiff alleges that Defendants violated federal and Oregon minimum wage and overtime laws:

- Claim 1: FLSA, 29 U.S.C. § 206 and 29 U.S.C. § 207
- Claim 2: Oregon Revised Statute § ("O.R.S.") 653.025 and O.R.S. 653.261

"The FLSA's minimum wage and overtime provisions are central among the protections the Act affords to workers." *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999). "Section 6 of the FLSA mandates payment of a minimum wage and section 7 sets maximum hours ('the overtime limit'), which, when exceeded, requires the payment of overtime wages." *Id.* (citing 29 U.S.C. §§ 206, 207). "The overtime limit under section 7 of the FLSA is forty hours per week; work done in excess of forty hours must be compensated at a rate at least one and-a-half times the regular work rate." *Id.* (citing 29 U.S.C. § 207(a)(1)). Similarly, Oregon law mandates payment of a minimum wage, O.R.S. 653.025, and overtime pay, at a rate of one and one-half times the regular rate of pay, for all work performed in excess of 40 hours per week, O.R.S. 653.261, Oregon Administrative Rule ("O.A.R.") 839-020-0030(1).

Taking the facts alleged by Plaintiff's FAC as true, Defendants failed to pay Plaintiff the minimum wage and failed to pay Plaintiff overtime pay. Thus, they violated the FLSA and Oregon's wage and hour laws.

### 2. Claim 3: Oregon Timely Payment of Wages Law

When an employer terminates an employee or the termination is by mutual agreement, all wages earned and unpaid at the time of the termination become due and payable not later than the end of the first business day after the termination. O.R.S 652.140(1). Here, Plaintiff's employment terminated on or about August 12, 2016, and Defendants have yet to pay him all wages earned. FAC ¶ 28. Therefore, Defendants violated O.R.S. 652.140.

### 3. Claim 4: Breach of Contract

Under Oregon law, to state a claim for breach of contract, a plaintiff must allege "the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damage to the plaintiff." *Staton v. BAC Home Loans Servicing, LP,* No. 6:10–CV–01306–PA, 2014 WL 1803376, at *5 (D. Or. May 6, 2014) (citing *Slover v. Oregon State. Bd. of Clinical Soc. Workers,* 144 Or. App. 565, 570, 927 P.2d 1098 (1996)).

Plaintiff and Defendants had an oral contract for Plaintiff to perform work and be paid $12.00 an hour, every two weeks. FAC ¶ 15. Plaintiff timely performed the work. *Id.* at ¶ 16. Defendants failed to pay Plaintiff the agreed-upon hourly rate for every hour that he worked. *Id.* at ¶ 17. Therefore, Defendants breached the contract.

### C.     Factor 4: Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Joe Hand Prods. v. Holmes*, No. 2:12-CV-00535-SU, 2015 WL 5144297, at *7 (D. Or. Aug. 31, 2015) (citing *PepsiCo*, *Inc. v. California Sec. Cans,* 238 F. Supp. 2d 1172, 1176–77 (C.D. Cal. Dec. 27, 2002); *see also Schaefer v. Invents Co. LLC*, No. 3:17-CV-00559-SB, 2017 WL 6887099, at *2 (D. Or. Dec. 15, 2017), *Findings and Recommendation adopted,* No. 3:17-CV-559-SB, 2018 WL 358498 (D. Or. Jan. 10, 2018) ("A large amount of money in dispute generally weighs against granting default judgment.").

Here, Plaintiff seeks $3,715.97 in unpaid wages under Oregon law, $2,880 in minimum wage damages under Oregon law, $2,880 in overtime wage damages under Oregon law, and $3,715.97 in liquidated damages under the FLSA. Plaintiff's total damages are $13,191.94. The

amount of damages that Plaintiff seeks is commensurate with Defendants' repeated violations over a period of a year and does not weigh against granting default judgment.

D. **Factor 5: Possibility of a Dispute Concerning Material Facts**

Because upon entry of default, all well-pleaded facts in the complaint are taken as true, "[t]he fifth factor . . . weighs in favor of default judgment when the claims in the complaint are well-pleaded." *Joe Hand Prods.*, 2015 WL 5144297, at *7. Otherwise stated, "[b]ecause all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists." *Id.* (quoting *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005)).

Here, Plaintiff filed a complaint alleging all the elements necessary for him to prevail on his claims. Thus, the possibility of a dispute over material facts is low.

E. **Factor 6: Excusable Neglect**

The sixth factor pertains to the possibility that the default resulted from excusable neglect. Here, Plaintiff provided written notice of Defendants' failure to pay Plaintiff's wages on February 16, 2017 and March 20, 2017. Suisman Jan. 23, 2019 Decl. ¶ 14. On November 29, 2017, Plaintiff's agent served the complaint at Mr. Leske's home address. Suisman Jan. 24, 2018 Decl. ¶ 5, ECF 7-1. In March of 2018, Plaintiff served Dynamic Change, Inc. by serving the Oregon Secretary of State and mailed copies to its last known address in Oregon. Suisman April 16, 2018 Decl., Ex. 1, ECF 13-1. As this Court previously found, "Plaintiff has demonstrated due diligence to serve Dynamic Change, Inc." by "conducting thorough research and attempting several methods of service including by certified mail." *Villegas-Rubi v. Dynamic Change, Inc.*, No. 3:17-CV-01531-HZ, 2018 WL 5314888, at *4 (D. Or. Oct. 26, 2018). Plaintiff has not received any contact or communication from Defendants since filing this lawsuit and serving the

complaints. Suisman Jan. 23, 2019 Decl. ¶ 15. Under these circumstances, the likelihood of excusable neglect is remote.

### F. Factor 7: Policy Favoring Decision on the Merits

Factor seven is "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," specifically the policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action." *Joe Hand Prods.*, 2015 WL 5144297, at *8. Where a defendant has failed to answer a complaint, it "makes a decision on the merits impractical, if not impossible." *Id.* Given that Defendants have not responded or otherwise appeared, the sixth factor does not weigh against default.

In sum, the *Eitel* factors strongly weigh in favor of granting Plaintiff's motion for default judgment against Defendants.

## II. Plaintiff's Requested Damages

Plaintiff submitted a declaration and exhibits, including screenshots of his cellphone, where Plaintiff kept track of the hours he worked, when he was paid, and how much he was paid. Rubi Jan. 23, 2019 Decl., Ex. 1, ECF 20-1. Plaintiff declares that Mr. Leske never gave him a paystub. Rubi Jan. 23, 2019 Decl. ¶ 10, ECF 20. He also explains that "for the last four or so months" that he worked for Mr. Leske, he worked "about forty hours a week" but did not keep records of the time. *Id.* at ¶ 11.

Plaintiff submits a declaration of his attorney, Kate Suisman, along with exhibits that Ms. Suisman created. Suisman Jan. 23, 2019 Decl., ECF 21, 21-1, 21-2. Ms. Suisman explains that she created Exhibit 1, a list reflecting the various calculations for damages that Plaintiff claims in

this case; and Exhibit 2, a spreadsheet calculating Plaintiff's unpaid wages based on his personal records. Suisman Jan. 23, 2019 Decl. ¶ 3, ECF 21. "When records were not available, [she] used an average amount of hours worked based on the 23 weeks of information the Plaintiff had recorded in his phone." *Id.*

Plaintiff estimates that he worked 42.8 hours per week, on average. *Id.* at ¶ 5. He estimates that he was paid $443.46 per week, on average. *Id.* at ¶ 6. For the time period in which he was employed by Defendants, Plaintiff was not paid for approximately 205.59 hours of work. *Id.* at ¶ 7. He was not paid for approximately 208.13 hours of overtime. *Id.*

Based on its review of the declarations and exhibits submitted by Plaintiff, the Court concludes that Plaintiff is entitled to $3,715.97 in unpaid wages. *See* Suisman Jan. 23, 2019 Decl. Ex. 1, ECF 21-1. In addition, Plaintiff is entitled to liquidated damages under the FLSA in the amount of $3,715.97. *Id.,* 29 USC § 216(b). Plaintiff is also entitled to penalty wages of $2,880 pursuant to O.R.S. 652.140 and $2,880 pursuant to O.R.S. 653.055, as both statutes provide for the civil penalties described in ORS 652.150. *See* Suisman Jan. 23, 2019 Decl. Ex. 1, ECF 21-1. In sum, Plaintiff is awarded $13,191.94.

## CONCLUSION

Plaintiff's motion for entry of default judgment [19] is GRANTED. Plaintiff is awarded $13,191.94.

IT IS SO ORDERED.

Dated this \_\_\_\_20\_\_\_\_ day of \_\_\_\_Feb_____, 2019.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

9- OPINION & ORDER